# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
|     Wilma Johnson ) | Case No. 13-08431 |
| ) | |
| ) | HON. JACK B. SCHMETTERER |
|     Debtor ) | |
| ) | |
|     Wilma Johnson ) | |
| ) | ADVERSARY NO.:13-00569 |
|     Plaintiff ) | |
|         v. ) | |
| ) | |
| CITIBANK, N.A. ) | |
| ) | |
|     Defendant ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to an Order of Default and because the allegations in the Complaint have been taken as confessed against Defendant CITIBANK, N.A., the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiff Wilma Johnson is an individual residing at 1455 N. Harding Ave., Chicago, IL 60651.

2. CITIBANK N.A., is a lender and Citimortgage Inc., is a servicer of mortgages.

3. This Adversary Proceeding arises under Sections 502 and 506 of the United States Bankruptcy Code.

4. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§151, 157 and 1334 and this is a core proceeding under 28 U.S.C. §157.

5. Plaintiff is the owner of real estate located 1455 N. Harding Ave., Chicago, IL 60651 with a property index number of 16-02-109-002-0000

6. The fair market value of the real estate is approximately $90,000.00 pursuant to a Comparative Market Analysis marked Exhibit A to the original Adversary Complaint.

7. A first mortgage lien is currently held by CitiMortgage, Inc. in the approximate amount of $123,170.59 as evidenced by a Proof of Claim filed in this case on April 5, 2013 attached as Exhibit B to the original Adversary Complaint.

8. Defendant Citibank N.A. holds a junior mortgage of approximately $37,713.26, as evidenced by a Proof of Claim filed on April 24, 2013 by CitiMortgage Inc, the servicing agent for Citibank N.A.

9. Under 11 U.S.C.§§506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage exceeds the value of the real estate.

11. Due to the junior mortgage lien held by Defendant being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. Please See *In re Waters*, 276 B.R. 879 (Bankr. N.D. Ill. 2002), *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122 (2nd Cir. 2001); *McDonald v. Master Fin., Inc. (In re McDonald)*, 205 F.3d 606 (3rd Cir. 2000); *In re Bartee*, 212 F.3d 277 (5th Cir. 2000); *In re Lane*, 280 F.3d 663 (6th Cir. 2002); *Zimmer v. PSB Lending Corp.*, 313 F.3d 1220 (9th Cir. 2002); and *In re Tanner*, 217 F.3d 1357 (11th Cir. 2000).

12. Pursuant to 11 U.S.C. §1325(a)(5) the second mortgage of CITIBANK N.A. shall be stripped off and shall be null and void upon Plaintiffs obtaining a discharge under 11 U.S.C. §1328.

By the Court

_____
Judge Jack B. Schmetterer

JUN 2 5 2013

6/25/13